# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| FAUSTIN KIDIBU, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. CV414-199 |
| THE FRESH MARKET, INC., | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Faustin Kidibu brought this employment discrimination case against his ex-employer, The Fresh Market, Inc. (TFM). Doc. 1-1 at 2. He alleges that TFM "wrongfully terminated his employment effective August 14, 2012 on the ground that he purported[ly] applied for Family Medical Leave of Absence (FMLA)[,] which he never did." *Id.* at 3. Moving to dismiss, TFM cites as a litigation bar the arbitration agreement Kidibu signed upon his employment. Doc. 5-1; *see also* doc. 5-2 at 4. TFM's motion thus relies on that agreement, even though it is not part of the parties' pleadings. But it is attached to TFM's motion and is integral to the parties'

contract,[1] so it may be considered. In pertinent part the arbitration agreement says:

> To the extent permitted by law, and without changing the at-will nature of the employee's employment, the Company and the undersigned employee agree to the following dispute resolution procedure with respect to any dispute relating to a term or condition of employment or the breach thereof that could otherwise be pursued in a court proceeding under a particular federal, state or local statute or common law theory, but excluding worker's compensation and unemployment compensation claims.

---

[1] TFM moves to dismiss under Fed. R. Civ. P. 12(b). Doc. 5. It does not specify which subsection, but the Court construes the arbitration defense as falling under Rule 12(b)(6), as TFM essentially is arguing that no *judicial* claim is stated beyond the possibility of post-arbitration review under the Federal Arbitration Act, 9 U.S.C. §§ 2-3. Rule 12(b)(6) generally contemplates reliance on the face of the complaint only. However, courts:

> may consider documents attached to a defendant's motion if those documents are "relationship-forming contracts [that] are central to a plaintiff's claim." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."). In this case, the defendants appended to their motion to dismiss a note, a security deed, and a deed under power, none of which Sampson disputes and all of which are central to his claims that arose out of his loan transaction with the defendants.

*Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011); *see also Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) (holding, in a libel case, that the entire allegedly defamatory book "was properly before the court on the motion to dismiss," even though it had not been attached to the complaint, "because [the plaintiff] referred to it in her complaint and it [was] central to her claims"), *quoted in FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1297 n. 15 (11th Cir. 2011). Here plaintiff does not dispute the existence of the arbitration agreement and that it forms part of the core relationship between the parties. So, it is properly considered under Rule 12(b)(6).

2

Doc. 5-2 at 4. Under the agreement both parties must attempt settlement, then resort to arbitration rather than the courts, on any covered claims:

> With respect to any dispute covered by this agreement the parties shall first use reasonable efforts to settle the dispute, claim, question, or disagreement. . . . If the parties do not reach such solution within a period of 60 days, the parties agree to submit to arbitration, administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes . . . .

*Id.*

FTM says Kidibu did not arbitrate his FMLA claim, which does not involve "worker's compensation and unemployment compensation claims." Doc. 5-1 at 5. In substance, Kidibu *agrees*. He insists that the FTM "and Management refused to discuss or talk with [p]laintiff when they know that there was an Arbitration Agreement between Employer and Employee. Plaintiff, Faustin Kidibu, contacted TFM by certified mails, by phone calls and in person in the store, but nobody agreed to talk with Plaintiff (Faustin Kidibu)." Doc 7 at 1.

Plaintiff's factual response is unsworn and otherwise not subject to a perjury-penalty declaration under 28 U.S.C. § 1746. Ordinarily, then,

3

such "briefing assertions" cannot be considered as facts to support a court ruling. But his response may be construed as a judicial *admission* that the arbitration agreement exists and applies to him. *See McCorvey v. United States*, 2014 WL 4594475 at * 9 (S.D. Ala. Sept. 11. 2014) (collecting judicial admission cases). So viewed, the Court concludes that Kibidu *wants* to arbitrate, otherwise presents no "gateway" matters,[2] and thus consents to TFM's dismissal motion. Accordingly, TFM's motion to dismiss should be **GRANTED**, and it is not necessary to reach its argument that Kidibu failed to perfect service of process. Doc. 5.

**SO REPORTED AND RECOMMENDED** this   30th   day of October, 2014.

*signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Normally, "[w]hen determining whether to compel arbitration, generally a court considers so-called 'gateway' matters." *Harling v. Ado Staffing, Inc.*, 2014 WL 1410519 at * 3 (M.D. Fla. Feb. 21, 2014); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367-   79 (11th Cir. 2005) (discussing validity of agreement and whether employment claims can be arbitrable).

4